The REPUBLICAN COMPANY, Plaintiff,

v.

SPRINGFIELD NEWSPAPER EM-
PLOYEES ASSOCIATION,
Inc., Defendant.

Civ. A. No. 68–1051–G.

United States District Court
D. Massachusetts.

Dec. 11, 1968.

Robert Weihrauch, Worcester, Mass.,
for defendant.

### MEMORANDUM OF DECISION

GARRITY, District Judge.

The plaintiff Republican Company has sued for an injunction restraining the defendant Springfield Newspaper Employees Association (hereinafter defendant) and the American Arbitration Association from conducting arbitration requested by the defendant under a collective bargaining agreement. The court scheduled a hearing on the plaintiff's motion for a preliminary injunction. However, the issues to be determined on the motion being identical to those to be decided on the merits, the parties consented to the matter being treated as upon cross motions for judgment on the pleadings. Fed.R.Civ.P. 12(c). The sole issue raised by the pleadings is the proper interpretation of certain provisions of the collective bargaining agreement.

On June 28, 1968 the defendant through its vice-president filed a grievance form on behalf of two employees containing the following statement: "The company violated Article XIII, Section 2 and 5 of the collective bargaining agreement by not paying extended sick leave benefits to the employees named above." Article XIII, § 2, provides, "The Company may discharge or discipline employees for just and sufficient cause." Article XIII, § 5, provides, "The Company agrees that there shall be no discrimination against an employee because of his membership in the Union." The provision governing sick leave benefits is Article XI, § 2(d), which provides, "Any sick leave beyond the maximum provided in this Section will be solely at the discretion of the Company." The defendant concedes that plaintiff has paid the two employees named on the grievance form the maximum sick leave for which the agreement expressly provides.

Whether a particular dispute is arbitrable depends exclusively upon the agreement of the parties. Doubts should be resolved in favor of coverage. United Steelworkers of America, AFL–CIO v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409. Regarding arbitrability, the bargaining agreement provides at Article XV, § 4, "All unresolved grievances shall be referred to arbitration as hereinafter provided." Section 1 of the same article provides, "A grievance is defined as a controversy between the Company and the Union or an employee or employees which has been reduced to writing and which involves either an interpretation or application of the terms of this Agreement or any matter relating to the violation of the terms of this Agreement."

In order to avoid the impact of the broad arbitrability provision in the agreement plaintiff contends that by providing in Article XI, § 2(d) that sick leave will be extended "solely at the discretion of the Company", the agreement prevents denials of extended sick leave from being the subject matter of arbitration under any article. The court disagrees. First, the grievance form on its face states a "grievance" as defined by the agreement. It claims violations of the terms of the agreement permitting disciplining of employees only for just and sufficient cause and prohibiting discrimination against union members. Being unresolved, the grievance should be referred to arbitration according to the literal language of Article XI, § 4. Secondly, the defendant may conceivably be able to persuade an arbitrator that plaintiff's handling of extended sick leave has been disciplinary or discriminatory. In the court's view, it was not intended by Article XI, § 2(d) to exempt extended sick leave from the blanket proscriptions contained in Article XIII. Discrimination against employees in any substantial way because of union membership would conflict with a basic purpose of the agreement as a whole.

The plaintiff relies upon Local 217, Int. Union of E. R. & M. Workers v. Holtzer-Cabot Corp., D.Mass., 1967, 277 F.Supp. 704, in which the court refused to enforce an arbitration decision which imposed a penalty different from the penalty explicitly fixed by the collective bargaining agreement. No such specific limitation upon the arbitrator's authority is found in the agreement in this case.

Judgment for the defendant.